Conway B, J. Roger Patton and others .as heirs of W. B. Patton, dec’d, filed their bill of complaint against William H. Gaines as administrator de bonis non of Benjamin Patton, dec’d. Gaines demurred to the bill and his demurrer was overruled. He declined to plead or answer, and the court decreed fiThat all and singular the matters and allegations of said bill of complaint be taken as true against said defendant, but by reason of the difficulty of ascertaining the amount due and to be recovered against him, it is ordered that Robert S. Taylor be, and is hereby, appointed a commissioner and master in this case, to hear testimony therein and report unto this court at its next term the amount due by said Gaines as. administrator, to said complainants, the amount converted by said Benjamin Patton, dec’d, belonging to said William B. Patton’s estate, also the amount overcharged in said judgment against said William B. Patton’s estate, also the errors, if any, in said settlement of said Benjamin Patton with said William B, Patton’s estate, and full report make to this court touching the premises in said bill alleged, and said commissioner is duly authorized to hear testimony in said cause, and complainants are hereby authorized to take depositions generally, and this cause is continued to next term.” Gaines prayed an appeal to this court which was granted him. The sixth section of article sixth, of the State Constitution declares that “until the General Assembly shall deem it expedient to establish courts of chancery, the Circuit Courts shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may he prescribed by law,” and the law provides for appeals from fin'd decisions, orders, or decrees of any court exercising chancery jurisdiction, but malees no provision for appeals from interlocutory decisions, orders, or decrees; and this court consequently has no. jurisdiction of such cases. A final decision, order, or decree in. a cause, is the final sentence of the court, pronounced on hearing and understanding1 all the points in issue and determining the rights of all the parties in the. suit according to equity and good conscience. Hinde’s Practice, 429, Where references to. the master are necessary to ascertain facts upon which the decree must be founded, as in cases of account or ques-iions of title, the decree is always interlocutory. 2 Mad. Ch. 455. The casq W dismissed for want of jurisdiction.